UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY and AUTO-OWNERS INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>VANESSA HAWKINS, individually, as surviving spouse of SAMMY DION HAWKINS, deceased, VANESSA HAWKINS, as administrator of the estate of SAMMY DION HAWKINS, deceased, SUN GROUP HOMES II, LLC, and BIRGE & HELD ASSET MANAGEMENT, LLC,<br><br>Defendants. | CIVIL ACTION NO.<br>1:22-CV-01265-JPB |

## **ORDER**

This matter is before the Court on Birge & Held Asset Management, LLC's ("Birge") Motion to Set Aside Clerk's Entry of Default [Doc. 19]. This Court finds as follows:

### **BACKGROUND**

This is a declaratory judgment action relating to insurance coverage following a shooting death at an apartment property. At issue before the Court is the default of one of the defendants. During the events relevant to this case, Sun

Group Homes II, LLC ("Sun Group") owned Westwood Apartments, which were managed by Birge. [Doc. 19, p. 2]. Sun Group held two different insurance policies, one issued by Owners Insurance Company ("Owners") and one by Auto-Owners Insurance Company ("Auto-Owners"); together, Owners and Auto-Owners are "Plaintiffs." [Doc. 1, p. 9]. Both policies were effective from January 28, 2020, to January 28, 2021. Id. Birge is listed as an additional insured on each policy. Id.

On August 9, 2020, Sammy Hawkins was shot while standing on the balcony of one of the Westwood Apartments. Id. at 6–7. On January 13, 2021, Vanessa Hawkins, the administrator of Sammy Hawkins' estate, sent a demand letter to Sun Group requesting insurance information. [Doc. 19, p. 3]. The insurance claim related to this incident was submitted on January 27, 2021. Id. at 3–4. On February 1, 2021, Plaintiffs each issued reservation of rights letters to Sun Group, advising that they were reserving the right to deny coverage under the policies for untimely notice. [Doc. 1, pp. 7–8].

Meanwhile, on February 3, 2022, Hawkins sued Sun Group in the State Court of Gwinnett County (the "Underlying Lawsuit"). Id. at 6. Plaintiffs issued a supplemental reservation of rights letter to Sun Group on February 21, 2022, with the same message as their earlier letters. Id. at 8. On March 7, 2022, Sun Group

filed a third-party complaint in the Underlying Lawsuit against Birge. Id. Plaintiffs then issued a reservation of rights letter to Birge on March 22, 2022, again conveying that they were reserving the right to deny coverage for untimely notice. Id. On March 24, 2022, David Duke, an Auto-Owners representative, informed Therese Cochran, a Birge representative, that Auto-Owners was using the law firm of Spurlin & Spurlin to represent Birge in the Underlying Lawsuit. [Doc. 19, p. 4].

On March 30, 2022, Plaintiffs filed suit in this Court, seeking a declaratory judgment about their rights and obligations under the insurance policies referenced above. [Doc. 1]. Birge was served with the summons and complaint on April 18, 2022.[1] [Doc. 9]. On April 25, 2022, Jay Grueneberg, another Birge representative, emailed Duke with a copy of the Complaint in this case and asked him whether Birge needed to take any action.[2] [Doc. 19, p. 4]. Duke did not respond. Id.

On May 31, 2022, Plaintiffs filed a Motion for Entry of Default against Birge. [Doc. 17]. Therein, Plaintiffs explained that Birge had failed to timely file an answer or other responsive pleading to the Complaint. Id. at 2. The Clerk

---

[1] Birge contests the sufficiency of service of process. See [Doc. 19, pp. 6–7].
[2] As this exchange demonstrates, it appears that even though Auto-Owners is the opposing party in this case, Birge was under the impression that Auto-Owners would be providing Birge with legal representation in both the Underlying Lawsuit and in this matter.

3

entered default on June 1, 2022. That same day, Cochran emailed Duke again, asking who would represent Birge in this case. [Doc. 19, p. 4]. On June 6, 2022, Duke responded and explained that Birge would need to retain their own counsel. Id.

Birge filed the instant Motion to Set Aside Default on June 13, 2022. See id. at 1. Birge argues that this Court should set aside the default because it has not been properly served with process, for good cause under Rule 55(c) of the Federal Rules of Civil Procedure and to avoid the risk of inconsistent judgments. Id. Plaintiffs oppose setting aside default. See [Doc. 25]. Sun Group, for its part, filed a response in support of Birge's Motion. See [Doc. 26].

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." The good cause standard is "'mutable'" and "'var[ies] from situation to situation.'" Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (quoting Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)). Although the standard is "'a liberal one,'" it is "'not so elastic as to be devoid of substance.'" Id. (quoting Coon, 867 F.2d at 76). To determine whether good cause exists, courts consider "whether the default was culpable or willful, whether setting it aside would

prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id.  Courts may look to other factors, too, such as "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." Id.  "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." Id. (quoting Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992)).  In sum, "a district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so."  Afr. Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201, 1202 (11th Cir. 1999).

## ANALYSIS

After reviewing the record and considering the factors set forth above, the Court finds good cause to set aside entry of default.  The Court discusses the above factors, where relevant, as they apply to this case.

As to whether the default was culpable or willful, Birge explained that its answer was not timely filed because of confusion about its legal representation in this matter.  While this confusion may amount to negligence on Birge's part, the circumstances do not show the culpability or willfulness that would require this

Court to find that good cause is lacking.  Cf. Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) ("[W]here a party demonstrates an intentional or willful disregard of the judicial proceedings, good cause to set aside the default does not exist.").  Moreover, the Eleventh Circuit Court of Appeals has upheld a district court's decision to set aside default based, in part, on "misunderstanding regarding . . . representation."  See Farquharson v. Citibank, N.A., 664 F. App'x 793, 797 (11th Cir. 2016).  On the facts in this case, the Court is inclined to set aside default for good cause.

Another factor asks whether setting aside default would prejudice the opposing party.  This inquiry is concerned with prejudice resulting from a delay in the proceedings, "'not from having to continue to litigate the case.'"  Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018) (quoting Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1357 (11th Cir. 2009)).  As a threshold matter, Plaintiffs did not identify any prejudice associated with setting aside the default.  Because Birge is only one of several named defendants (the rest of whom have appeared in the action), its default did not halt or delay proceedings.  Additionally, Birge has been participating in the litigation, filing an answer on July 15, 2022.  See [Doc. 33].  The absence of any demonstrable prejudice weighs in favor of setting aside default.

The Court may also consider whether the defaulting party acted promptly to correct the default. Plaintiffs moved for default on May 31, 2022. [Doc. 17]. The following day, Cochran, on behalf of Birge, asked Duke, Auto-Owners' representative, about the status of Birge's legal representation. [Doc. 19, p. 4]. Duke responded on June 6, 2022, and clarified that Birge would need to secure its own counsel. Id. Within just one week of learning that it needed to find its own lawyers, Birge had obtained legal representation and filed the instant Motion to Set Aside Default. In the Court's view, this timeline shows sufficiently prompt action on Birge's part to justify setting aside default.

The Court finds that these three factors—lack of willfulness, the absence of prejudice and prompt corrective action—are sufficient to show good cause for setting aside default. See Sherrard, 724 F. App'x at 739 (finding that the good cause analysis "does not require that each factor be satisfied" and holding that an "inadvertent mistake, prompt action to correct . . . default, and the lack of prejudice [were] sufficient to show good cause"). As such, the entry of default should be set aside.[3]

---

[3] Because the Court finds that good cause exists to set aside default under Rule 55(c), the Court declines to reach the issues of whether Plaintiffs properly served Birge or of whether entry of default risks inconsistent judgments.

## CONCLUSION

For the foregoing reasons, the Motion to Set Aside Clerk's Entry of Default [Doc. 19] is **GRANTED**. The Clerk's Entry of Default entered against Birge on June 1, 2022, is **HEREBY VACATED** and **SET ASIDE**.

**SO ORDERED** this 1st day of February, 2023.

_____
J. P. BOULEE
United States District Judge